MY NGUYEN
v.
COASTAL REALTY & APPRAISAL, INC., AND INGRID LEVERETT
No. 2009-CA-0921.
Court of Appeals of Louisiana, Fourth Circuit.
December 9, 2009.
Not Designated for Publication
CLARENCE F. FAVRET III, Favret Demarest Russo & Lutkewitte Counsel for my Nguyen.
TERRY W. SERCOVICH, Counsel for Coastal Realty & Appraisals, Inc. and Ingrid Leverett
Court Composed of Judge McKAY, III, Judge LOMBARD, Judge BONIN.
PER CURIAM
This matter arises out of a dispute over a real estate commission. Plaintiff, Samantha My Hanh Nguyen, appeals the judgment of the trial court granting her only a portion of a real estate commission sought from defendants, Coastal Realty & Appraisals, Inc. and its owner, Ingrid Leverett (collectively "Coastal"). For the reasons set forth below, we affirm.

STATEMENT OF FACTS AND PROCEFURAL HISTORY:
Ms. Nguyen began working as a licensed real estate agent for Coastal in April of 2004. Pursuant to a verbal agreement, Ms. Nguyen was paid 65% of the commission received on her sales.
Ms. Nguyen left her employment with Coastal in early 2006, to take a job with another broker. At that time, Ms. Nguyen had one remaining piece of property under contract. Ms. Leverett testified that when Ms. Nguyen informed her she was leaving, and asked if she would get any commission on the remaining contract, Ms. Leverett told Ms. Nguyen that she would pay her new broker 25% of the commission as a referral fee. In direct contrast, Ms. Nguyen testified that Ms. Leverett agreed to pay Ms. Nguyen 65% of the commission on the remaining property, just as she normally received. There was no written agreement.
Due to Hurricane Katrina and other delays, the act of sale on the property in question did not occur until March 5, 2007. The total commission on the sale earned by Coastal was $7,179.60. At that time, Ms. Nguyen's real estate license had lapsed, and she was no longer working for any other broker. Ms. Leverett testified that upon learning Ms. Nguyen was unlicensed and no longer working with a broker, she was unsure if she could legally pay any money directly to Ms. Nguyen. Ms. Leverett testified that she contacted the Louisiana Real Estate Commission and was informed that she could pay Ms. Nguyen directly, in whatever amount agreed upon.
On March 14, 2007, Ms. Leverett tendered a check to Ms. Nguyen in the amount of $1,794.90, representing 25% of the commission. Ms. Nguyen returned the check and demanded $4,466.74, or 65% of the commission. Ms. Leverett refused, and Ms. Nguyen filed the present lawsuit demanding the full 65%, plus attorney's fees.
The matter came for trial on March 2, 2009. Following the testimony of Ms. Leverett and Ms. Nguyen, the trial court rendered judgment from the bench, stating as follows:
After reviewing the evidence and testimony, the Court at this time is accepting the defendant's version of the facts. The Court finds that there was a  an oral agreement with proper evidence produced to pay a 25 percent referral fee. Accordingly, the Court awards $1,794.90 to the plaintiff, plus legal interest from the date of demand. The Court found no statutory basis for attorney's fees.
Judgment was signed on March 9, 2009. Ms. Nguyen's timely devolutive appeal followed.

LAW AND ANALYSIS
On appeal, Ms. Nguyen argues that the trial court erred in awarding her 25% of the total commission instead of 65% as set out in the original agreement.[1] Ms. Nguyen asserts that Coastal submitted no proof, other than Ms. Leverett's self-serving testimony, to prove that the original agreement was altered.
In support of her argument, Ms. Nguyen relies on La. C.C. art. 1846, which provides:
When a writing is not required by law, a contract not reduced to writing, for a price or, in the absence of a price, for a value not in excess of five hundred dollars may be proved by competent evidence.
If the price or value is in excess of five hundred dollars, the contract must be proved by at least one witness and other corroborating circumstances.
Ms. Nguyen also relies on La. C.C. art. 1831 which states, in pertinent part: "A party who asserts that an obligation is null, or that it has been modified or extinguished, must prove the facts or acts giving rise to the nullity, modification, or extinction." In sum, Ms. Nguyen argues that it was Coastal's burden to prove that the previous agreement was altered.
Coastal counters that the agreement to give Ms. Nguyen a 25% referral fee was not a new contract or a modification of the previous agreement, but simply a parting gesture to a former employee. Coastal maintains that once Ms. Nguyen terminated her employment, Coastal had no legal obligation to pay her anything unless there was an agreement stating otherwise. Accordingly, Coastal asserts that it was Ms. Nguyen's burden under La. C.C. arts. 1831 and 1846 to prove the existence of an obligation on the part of Coastal to pay Ms. Nguyen 65% of the commission.
It is evident from the trial transcript that the parties gave conflicting testimony regarding the verbal agreement formed at the time Ms. Nguyen announced she was leaving Coastal. It is also evident that the trial judge accepted Ms. Leverett's testimony that she felt she was not obligated to pay Ms. Nguyen her regular commission after her employment was terminated, but offered to pay a 25% referral fee to Ms. Nguyen's new broker.
Where there is a conflict in testimony, "reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review" even though the appellate court may feel that its own evaluations and inferences are reasonable. Stobart v. State through Dep't of Transp. and Dev., 617 So.2d 880, 882 (La. 1993). Deference is due to the factfinder's determinations regarding the credibility of witnesses "for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said." Rosell v. ESCO, 549 So.2d 840, 844 (La. 1989).
Under the manifest error standard of review, a factual finding cannot be set aside unless the appellate court finds that it is manifestly erroneous or clearly wrong. Stobart, 617 So.2d at 882. Thus, in order to reverse a fact finder's determination of fact, an appellate court must review the record in its entirely and (1) find that a reasonable factual basis does not exist for the finding, and (2) further determine that the record establishes that the fact finder is clearly wrong or manifestly erroneous. Id. The issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the fact finder's conclusion was a reasonable one. Id.

CONCLUSION
On the evidence in this record and in light of the credibility determinations made by the trial court, we are unable to find that it was manifestly erroneous or clearly wrong in its ruling. Accordingly, we affirm the judgment of the trial court.
AFFIRMED
NOTES
[1] Ms. Nguyen does not assign error in the trial court's denial of attorney's fees.